**Kevin Bernard JOHNSON,**
**Plaintiff–Appellee,**

v.

**NFN NWANKO, Jailer, 1st Watch, Dallas County Sheriff's Department; NFN Shiderly, Jailer, 1st Watch, Dallas County Sheriff's Department, Defendant–Appellant.**

**No. 03–10771.**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

March 3, 2004.

Kevin Bernard Johnson, pro se, Texas Department of Criminal Justice, Dalhart, TX, for Plaintiff–Appellee.

Dolena Tutt Westergard, District Attorney's Office for the County of Dallas, Dallas, TX, for Defendant–Appellant.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Defendants appeal the denial of summary judgment; they claimed qualified immunity. Denial of qualified immunity is immediately appealable only when based on issues of law, rather than on genuine issues of material fact. *See Palmer v. Johnson,* 193 F.3d 346, 350 (5th Cir.1999). "[I]f the district court concludes that the summary judgment record raises a genuine issue of material fact with respect to whether the defense of qualified immunity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is applicable, then that decision is not immediately appealable...." *Id.* at 351.

The denial of qualified immunity was based on starkly differing versions of the facts surrounding the altercation between plaintiff and defendants, which were offered through competent summary judgment evidence. The denial was based on genuine issues of material fact as to the threat perceived by defendants, the need for the application of force, the relationship between the need and amount of force used, and the extent of plaintiff's injuries. Accordingly, we lack jurisdiction over this interlocutory appeal. *See Palmer,* 193 F.3d at 351.

*DISMISSED*